IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434 ) | CIVIL NO. 12-00135 HG/KSC |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DISMISSING ACTION FOR |
| vs. ) | FAILURE TO PROSECUTE |
| ) | |
| SGT. TAPU, BRAYDEN WADE ) | |
| KALAHIKI, CITY AND COUNTY OF ) | |
| HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

On March 16, 2012, Plaintiff was ordered to show cause on or before April 19, 2012, why he should be allowed to proceed *in forma pauperis* ("IFP") in this action when he has accumulated more than three strikes pursuant to 28 U.S.C. § 1915(g) and his Complaint does not demonstrate imminent danger of serious physical injury. ECF #3. Plaintiff was also ordered to submit a fully completed IFP application with his response to the order to show cause. Plaintiff was warned that failure to file a response on or before April 19, 2012, showing good cause, or pay the full filing fee, would result in the dismissal of this action without further notice.

Rather than responding to the court's order to show cause, Plaintiff chose to file an appeal. *See* ECF #4. The Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. ECF #8. The appellate court also directed Plaintiff to show cause why he should not be subject to a pre-

filing review order in that court, for his "practice of burdening [the appellate] court with meritless litigation." ECF #9.

Approximately one month has passed since the date that Plaintiff's response and completed IFP application was due and he has submitted nothing. For the following reasons, this action is DISMISSED for Plaintiff's failure to prosecute and otherwise obey the court's order.

## I. DISCUSSION

In considering dismissal under Federal Rule of Civil Procedure 41(b),[1] the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)(citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### A. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Plaintiff was directed to

---

[1] The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

file a response to the order to show cause and a complete IFP application, or pay the filing fee on or before April 19, 2012. He chose instead to file a frivolous appeal of a non-final order. This factor weighs in favor of dismissal.

**B. Docket Management**

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not move forward with the cases they choose to file disrupt the court's handling of other matters by consuming time and resources needed by litigants who do wish to go forward. This is particularly true with Plaintiff, who has peppered the court with numerous frivolous actions, motions, and appeals within the past several months and years. This factor weighs heavily in favor of dismissal.

**C. Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Plaintiff filed this action on March 9, 2012. Because he moved to proceed IFP and has more than three strikes, the

3

court ordered him to show cause why this case should proceed without prepayment of the filing fee. He has not done so. Moreover, Plaintiff failed to submit a complete IFP application, although he is clearly aware of this requirement, and he chose to file a frivolous appeal rather than respond. Defendants do not even know at this point that a case has been opened. Consequently, Defendants are unaware of any need to discover or maintain evidence in their defense. Plaintiff does not seem concerned about prosecuting this action or of alerting Defendants to his claims against them. Rather, his numerous filings in this and other cases border on vexatiousness. This factor weighs in favor of dismissal.

**D. Alternatives**

The alternatives here, of course, are dismissal of this action with or without prejudice. Dismissal without prejudice would allow Plaintiff to refile this case, again taking up the Court's time and resources in prescreening the Complaint and IFP application, issuing another order to show cause, and awaiting another frivolous appeal, and Plaintiff's non-forthcoming response. The court understands its obligations to *pro se* litigants and endeavored to fulfill them in this case. *See* Order to Show Cause, ECF #3. Plaintiff did not respond to that Order. Dismissal is appropriate here.

//

**E. Disposition on Merits**

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will normally counsel against dismissal. In this case, however, Plaintiff's claims concern events that allegedly occurred four years ago, and his vague fear that they may occur again. The court ordered Plaintiff to show cause why he should be allowed to proceed IFP because it explicitly found that the Complaint failed to allege imminent danger of serious physical injury to overcome 28 U.S.C. § 1915(g)'s bar. Disposition on the merits of this case is unlikely to result in a favorable outcome for Plaintiff, even if he is granted IFP or pays the filing fee. Thus, the public policy in favor of disposition of cases on their merits does not weigh in Plaintiff's favor here.

## II. CONCLUSION

While the policy in favor of disposition on the merits normally weighs against dismissal under Rule 41(b), that interest is weaker here, where Plaintiff's Complaint does not show imminent danger of serious physical injury sufficient to overcome § 1915(g)'s bar, and otherwise appears to fail to state a claim. The public's interest in expeditious resolution of litigation, the court's interest in managing its own docket, the risk of prejudice to the Defendants, and the lack of meaningful

5

alternatives all weigh heavily in favor of dismissal. Accordingly, this action is DISMISSED for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b).

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 18, 2012.



    /S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Tierney v. Tapu, et al.,* Civ. No. 12-00135 HG/KSC; Order Dismissing Action For Failure To Prosecute; psas/3 Strikes Ords/DMP/2012/Tierney 12-135 hg (dsm frcp 41(b))